■ In the Matter of MARGARET M., a Child Alleged to be Neglected and/or Abused. DONNA W., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. In the Matter of FRANK M., Respondent, v DONNA W., Appellant. [726 NYS2d 559] —Order, Family Court, New York County (Jody Adams, J.), entered on or about November 23, 1999, finding that respondent abused and neglected the subject child, unanimously affirmed, without costs. Order of disposition, same court and Judge, entered on or about July 12, 2000, releasing the child to the custody of the nonrespondent father with twice weekly visitation allowed respondent, and directing respondent to undergo psychotherapy, enter an alcohol treatment program and submit to random alcohol testing, unanimously modified, on the facts, to permit respondent to attend the child's medical appointments and to

have telephone contact with her, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about September 13, 2000, which granted petitioner father's application pursuant to Family Court Act article 6 for custody of the child, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that the child's bruises were respondent's fault (*see, Matter of Philip M.*, 82 NY2d 238, 243-245). Respondent's explanation for such bruises was utterly speculative. While Family Court's decision to release the child to the custody of the nonrespondent father and to permit respondent only supervised visitation was a provident exercise of discretion, we modify the disposition as indicated given the views of the child's pediatrician and law guardian that such would be beneficial to the child. The award of custody to the father following respondent's refusal to participate in an article 6 hearing was proper and in the child's best interests. We have considered respondent's other arguments and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli and Marlow, JJ.